UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-600-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Michael Johnson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-6-399) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred twenty days earned credit time and a demotion in credit class.

Johnson argues that he is entitled to habeas relief because correctional staff did not allow him to present video evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The screening report indicates that Johnson asked for a surveillance video

recording to show exculpatory comments from his cellmate. ECF 15-4. In response, the screening officer denied the request because the recording did not include audio. ECF 15-8. Given that a recording without audio would not have shown the exculpatory comments, this response was reasonable. While Johnson suggests in the petition that the video recording would have exculpatory for other reasons, he does not further elaborate on those other reasons.[1] Therefore, the claim that Johnson was not allowed to present video evidence is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because the hearing officer provided him with an inadequate written explanation of the decision. He maintains that the hearing officer indicated her reliance on statements from staff and witnesses and video evidence despite the absence of this type of evidence in the administrative record. He further maintains that the hearing officer indicated her reliance on his statements that the cellular device did not belong to him but that she found him guilty. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff*, 418 U.S. at 564. "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings

---

[1] In his administrative appeal, Johnson states that the recording would have shown his cellmate "making a comment to [him] saying the shorts were dirty and when he was taken to be searched, I got up and tried to take the clothes off." ECF 15-11 at 5. However, Johnson's attempted removal of clothing containing contraband as he anticipated being searched is not exculpatory.

2

concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987).

Contrary to Johnson's assertions, the administrative record included a statement from staff in the form of a conduct report and a witness statement from his cellmate. ECF 15-1; ECF 15-9. The administrative record also included the denial of the request for video evidence as well as the video recording summary for an unrelated conduct report.[2] ECF 1-1 at 6; ECF 15-8. Further, while the hearing officer did not credit Johnson's testimony, she listed his attitude and demeanor during the hearing as a reason for the sanctions imposed and may have also considered his testimony for purposes of assessing his credibility. ECF 15-7. Therefore, the claim that the hearing officer did not provide an adequate written explanation is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that she had a verbal dispute with his cellmate and that she told him, "Possession is nine-tenths of the law," during the hearing. In the context of prison disciplinary proceedings, hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). A correctional officer who was personally and substantially involved in the underlying incident may not act as a decisionmaker in the case. *Id.* The record contains no indication that the

---

[2] According to his video recording summary, a correctional officer found "something shiny" in another inmate's sweatpants. ECF 1-1 at 6. The degree to which the hearing officer recognized the irrelevance of this sumary is unclear, but, even assuming the hearing officer misconstrued this summary as inculpatory evidence related to Johnson, it would be harmless error. While Johnson's denies ownership of the confiscated cellphone, he concedes that the cellphone was found on his person.

hearing officer had any personal involvement in the underlying charge. Further, it is unclear how a verbal dispute with Johnson's cellmate or an accurate statement with respect to the charged offense suggests improper bias against Johnson.[3]

Johnson further maintains that the following statements from other inmates suggest improper bias:

> On [the day of the hearing], DHO Hall came to Phase II commissary looking for [Johnson]. Upon realizing he was absent, she addressed our supervisor, "You need to find a new commissary clerk because he is hit."
>
> * * *
>
> On [the day of the hearing], DHO Hall came to Phase II commissary looking for [Johnson]. Upon realizing he was absent, she addressed our supervisor, "you need to find a new commissary clerk because he is hit." After said comment, she stated she didn't look at any evidence Michael Johnson requested.

ECF 1-1 at 18-19. The statement that the hearing officer did not review the evidence prior to the hearing does not suggest improper bias as the administrative record is not extensive and could have been reviewed before the hearing officer was able to locate Johnson or during the hearing. Further, the comment to the supervisor is too vague and isolated from context to suggest improper bias. The record contains no definition and little context for the term "hit" as used by the hearing officer. Even broadly assuming it meant "subject to disciplinary sanctions" and referred to Johnson, the hearing officer

---

[3] As noted by the Warden, the hearing officer's sentiment that "possession is nine-tenths of the law" was, if anything, an understatement in this particular context. ECF 15 at 9. Mr. Johnson was charged with possession of a cellular device, and departmental policy broadly defines "possession" without any reference to ownership, knowledge, or subjective intent. ECF 15-3.

4

may have been referring to another one of Johnson's disciplinary charges.[4] And, while the hearing officer recommended a number of sanctions for the disciplinary charge at issue in this case, a change in work assignment was not among them. ECF 15-7. As a result, the claim of improper bias is not a basis for habeas relief.

Finally, Johnson argues that he is entitled to habeas relief because he received a rehearing for another conduct report (MCF-19-6-401) and the initial hearing for that conduct report took place at the same time as the hearing for the conduct report at issue in this case. According to Johnson, he received a rehearing for MCF 19-6-401 because the correctional officer who issued the conduct report provided the wrong location for the offense. Johnson does not suggest that the conduct report at issue in this case included a similar clerical error. Even if he had, it is unclear how such an error would have prejudiced him as the specific location of the offense played no part in Johnson's defense. Therefore, this claim is not a basis for habeas relief.

Because Johnson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

---

[4] According to Johnson, he was screened for three conduct reports, including the one at issue here, on the same day. ECF 15-11 at 4.

5

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael Johnson leave to proceed in forma pauperis on appeal.

SO ORDERED this August 25, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge